IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **DENISE TAYLOR,**<br><br>*Plaintiff,*<br><br>v.<br><br>**EQUIFAX INFORMATION SERVICES LLC,** *and*,<br>**REPUBLIC FINANCE LLC,**<br><br>*Defendants.* | **CIVIL ACTION NO.**<br>**5:24-cv-00125-TES** |

### ORDER OF DISMISSAL

Plaintiff Denise Taylor initiated this action by filing a Complaint [Doc. 1] on April 26, 2024. Both Defendants, Equifax Information Services LLC and Republic Finance LLC, waived service. *See* [Doc. 3]; [Doc. 4]. Republic Finance filed its Answer [Doc. 5] on September 6, 2024. On November 4, 2024, Jason Ferguson replaced Gary Hansz as Plaintiff's lead counsel. *See* [Doc. 8]. However, Mr. Ferguson has failed to prosecute this case or comply with the Court's orders, as explained in further detail below.

The Court emailed Mr. Ferguson on December 11, 2024, requesting a status update on the case and addressing other matters. *See* [Doc. 12-1]. Later that same day, the Court entered its Rules 16/26 Order [Doc. 9], requiring the parties to confer no later than December 31, 2024, and to submit a Proposed Scheduling and Discovery Order by

January 10, 2025. [Doc. 9, p. 2]; *see* Fed. R. Civ. P. 6(a)(1). The Order directed the parties to "[n]otify the Court immediately . . . if a party does not cooperate in preparing the Proposed Order" and explicitly warned that "[f]ailure . . . to cooperate in the preparation and filing of the report will result in sanctions." [Doc. 9, p. 2]. It further cautioned that "[f]ailure to comply with . . . any order of the Court may result in dismissal of the case, default judgment, or other sanctions." [*Id.*].

It appears that Plaintiff's counsel did not comply with these instructions. On December 23, 2024, Patrick Silloway, counsel for Defendant Republic Finance, notified the Court via email that he was experiencing difficulty complying with the Court's deadlines due to a lack of communication from Mr. Ferguson. *See* [Doc. 12-2]. Mr. Silloway reported attempting to contact Mr. Ferguson by email on four occasions and by phone once, but received no response.[1] [*Id.*]. He expressed concern that this lack of communication would prevent the parties from meeting the Court's deadlines. [*Id.*]; *see* [Doc. 9].

The Court has also encountered similar challenges. Mr. Ferguson did not respond to the Court's December 11, 2024, request for a status update. *See* [Doc. 12-1]. On December 24, 2024, the Court followed up with Mr. Ferguson, notifying him of its intention to issue a show cause order. [Doc. 12-3]. The Court followed through two days

---

[1] Specifically, Mr. Silloway reports that he attempted to contact Mr. Ferguson by email on November 22, December 6, December 19, and December 23, 2024, and by phone on December 23, 2024. *See* [Doc. 12-2].

later, issuing an Order to Show Cause [Doc. 10] directing Mr. Ferguson to explain by January 6, 2025, why this action should not be dismissed. [Doc. 10]. The Court explicitly warned him that "[f]ailure to fully and timely comply . . . may result in the immediate dismissal of Plaintiff's Complaint." [*Id.* at pp. 2–3].

The January 6, 2025 deadline has come and gone without any response from Mr. Ferguson. The Court finds that Mr. Ferguson's failure to prosecute the case or comply with the Court's orders warrants dismissal. *See* Fed. R. Civ. P. 41(b); [Doc. 9]; [Doc. 10].

Accordingly, the Court **DISMISSES** Plaintiff's Complaint [Doc. 1] **without prejudice**. Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (first citing Fed. R. Civ. P. 41(b); and then citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The [C]ourt may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.").

**SO ORDERED**, this 10th day of January, 2025.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**